UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARIO NUNEZ DIAZ,

                  Petitioner,

     v.

BRUCE SCOTT, et al.,

                  Respondents.

Case No. 2:26-cv-00679-TMC

ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS

## I.    INTRODUCTION AND BACKGROUND

Petitioner Dario Nunez Diaz is a citizen of Mexico who entered the United States without inspection years ago and was not apprehended on arrival.[1] Dkt. 1-1 at 10, 39–40. On August 12, 2025, Nunez Diaz was on a family vacation to Niagara Falls, New York and accidentally traveled on the Rainbow Bridge toward the Canadian border. *Id.* at 40. Customs and Border Patrol officials apprehended him on the bridge and turned him back to the United States before he reached Canada. *Id.* He was then detained and offered a voluntary departure from the United States, which he declined. *Id.* at 40–41. A few weeks later, he was transferred to the Northwest

---

[1] The parties dispute the date of Nunez Diaz's most recent entry into the United States. *See* Dkt. 1 ¶ 12; Dkt. 10 ¶¶ 4–5. This factual discrepancy does not affect the Court's analysis.

Immigration and Customs Enforcement Processing Center in Tacoma, Washington, where he remains detained. Dkt. 10 ¶ 9; Dkt. 1 ¶ 11.

On January 13, 2026, an Immigration Judge ("IJ") granted Nunez Diaz cancellation of removal. Dkt. 1-1 at 3–8; *see* 8 U.S.C. § 1229b(b)(1). The Department of Homeland Security appealed that ruling to the Board of Immigration Appeals, which has not yet issued a decision. Dkt. 10 ¶¶ 10–11. Nunez Diaz then requested a custody redetermination before a different IJ, who ruled that Nunez Diaz was subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore ineligible for bond. Dkt. 1-1 at 15–16, 18–19. In the alternative, the IJ ruled that if he had jurisdiction to consider the request, he would grant bond in the amount of $5,000. *Id.* at 15, 18 n.1; *see also* Dkt. 10 ¶ 13.

On February 25, 2026, Nunez Diaz filed a petition for writ of habeas corpus seeking immediate release from custody or, in the alternative, release on the alternative bond set by the IJ. Dkt. 1. On March 12, Federal Respondents filed a return to the habeas petition. Dkt. 9. Nunez Diaz filed a traverse four days later. Dkt. 11. The habeas petition is now ripe for the Court's review. For the following reasons, the Court GRANTS the petition for writ of habeas corpus.

## II.     LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.     DISCUSSION

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

Here, while Federal Respondents contend that Nunez Diaz and similarly situated detainees are subject to mandatory detention under § 1225(b)(2), *see* Dkt. 9 at 5–6, there is no dispute that he (1) last entered the United States without inspection, (2) was not apprehended on arrival to the United States, and (3) is not subject to detention under § 1226(c), § 1225(b)(1), or § 1231.[2] *See* Dkt. 10 ¶¶ 5, 10. The Court thus incorporates the reasoning of *Rodriguez Vazquez* and finds that Nunez Diaz is subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322–36. He has thus shown that his mandatory detention under § 1225(b) violates the INA, entitling him to habeas relief. *See* 28 U.S.C. § 2241(c)(3). Although Nunez Diaz's detention has also likely become unconstitutionally prolonged, the Court does not address that argument because the violation of the INA is sufficient to entitle Nunez Diaz to immediate release on the terms of his alternative bond order.

---

[2] Although Nunez Diaz was apprehended near the Canadian border, he did not leave the United States at that time, and no party argues that this encounter should be considered his most recent entry into the country. *See* Dkt. 1-1 at 40.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3

The Court notes that in several places, Federal Respondents' return appears to misstate facts in the record and grossly mischaracterize the claims raised in the petition. *See* Dkt. 9 at 4–5 (asserting that Nunez Diaz had a second bond hearing on February 18, 2026 and that, contrary to Nunez Diaz's I-213, he was granted voluntary departure in November 2020), 6 (erroneously asserting that "Petitioner argues that he is an arriving alien"), 8–9 (referring to "re-detention arguments" that do not appear in the habeas petition).

The Court recognizes that the U.S. Attorney's Office is confronting an unprecedented caseload of immigration habeas petitions and that, in general, the line attorneys handling these petitions are doing their best to keep up. But that caseload is the result of Respondents' own enforcement tactics, and under Federal Rule of Civil Procedure 11(b), counsel for Federal Respondents had an obligation to ensure that the "factual contentions" in the return had "evidentiary support." Fed. R. Civ. P. 11(b)(3). Compliance with these rules is essential for fair and timely adjudication of habeas petitions. Counsel for Federal Respondents is cautioned that future errors or misrepresentations of this nature will result in an order to show cause why the Court should not impose sanctions under Rule 11.

## IV. CONCLUSION

The Court ORDERS:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2. Within ONE day of this Order, Respondents must either release Petitioner Dario Nunez Diaz or allow his release upon payment of the alternative bond amount of $5,000 and any conditions set by Immigration and Customs Enforcement/the Department of Homeland Security.

Any fee petition must be filed within the deadline set by the Equal Access to Justice Act.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4

Dated this 24th day of April, 2026.

Tiffany M. Cartwright
United States District Judge